SECURITY TRUST & SAFE DEPOSIT CO. v. ALEXANDER'S EX'RS et al.

(Circuit Court, E. D. Pennsylvania.    January 26, 1905.)

No. 29.

COURTS—JURISDICTION—COMITY.

> Where it was contended that a trust created by a will terminated on the death of testator's son-in-law, who was the trustee, and that the beneficiaries thereafter possessed an absolute interest in the trust estate, but after the trustee's death the Chancellor, having jurisdiction of testator's estate, appointed complainant as trustee under the will, and he sued the former trustee's executor in the federal courts for an accounting, such suit would be held open pending proceedings before such Chancellor to construe the will and determine whether plaintiff's appointment had not been inadvertently made.

Petition to Dismiss Bill for Want of Jurisdiction.

H. Gordon McCouch, for petition.

M. Hampton Todd, opposed.

J. B. McPHERSON, District Judge.    The facts upon which the present motion is founded are these:    George Jones, of Wilmington, Delaware, died in 1877, leaving a will, of which the second clause is as follows:

"Item Second; To my son-in-law John Alexander and his heirs and assigns I give and devise all my farm land in Kent county in this State, in trust for the equal use, benefit, and behoof of his children by my daughter Mary Jane (now deceased), with authority to retain and manage it for their respective equal benefit, or at his option at any time to convey and assign the same to them and their heirs as tenants in common free and discharged of any trust, or, with the assent to be expressed in writing, of such of the said children as may at the time of the exercise of such option, have attained twenty-one years of age, to sell and dispose of the said lands and tenements, at public or private sale for the best price to be obtained therefor, and thereupon to make a good and sufficient deed or deeds in fee simple therefor to the purchaser or purchasers thereof, free from all trust and any liability of the purchaser or purchasers to see to or account for the proper application of the purchase money by the said John Alexander or his heirs; the said purchase money thereupon to be still held in trust by him or them for my said grandchildren, or at his discretion, to be paid over to them respectively discharged of any trust, at such times and manner as he shall deem most beneficial to them respectively."

John Alexander afterwards sold the real estate referred to in the foregoing paragraph, and (so the bill avers) treated the fund derived from the sale as his own money until his death in 1895; never accounting at all for the shares belonging to two of the surviving cestuis que trustent, and only accounting in part for the share belonging to the third.    In 1899 the Chancellor of the state of Delaware appointed the complainant "trustee of the estate and property which in and by the said last will and testament (of George Jones, deceased) was devised and bequeathed unto the said John Alexander, deceased, in trust for the equal use, benefit and behoof of the children of the said John Alexander by his wife Mary Jane, with authority to hold, manage, collect, receive, invest, apply, and dispose of the same, and all income therefrom to accrue, pursuant to the trusts of the said last will and

testament, and to any and all orders and decrees of the Chancellor touching the same," etc.   Soon afterwards the pending bill was filed, which names as defendants the executors of John Alexander, the three surviving cestuis que trustent, the administrators of the two who are dead, and the son of John Alexander by a second marriage; all being citizens of Pennsylvania, except one, who is a citizen of New York. The bill asks for an accounting of the trust property, and a decree directing payment to the complainant of such sum as may thus appear, in order that it may be held upon the foregoing trust under the will of George Jones, or accounted for in the Delaware Court of Chancery. The case has been at issue for several years, upon the executors' denial that John Alexander had failed to account in his lifetime, but no testimony has yet been taken.

The motion to dismiss proceeds upon the theory that the trust came to an end by the death of John Alexander, that the beneficiaries are now possessed of an absolute interest therein, and that the substituted trustee has no interest whatever; the result being that the surviving beneficiaries are the proper parties complainant, but cannot maintain this suit in the Circuit Court because two of them are citizens of Pennsylvania.   I do not think it necessary to decide these questions, however, because it seems to me that the correct way to test the continued existence of the trust is to apply to the Chancellor of the state of Delaware to revoke the complainant's appointment.   For this court to sit in judgment on the chancellor's order, and virtually to say that he should not have made the appointment, would not be in accord with the comity that ought to prevail between the state and the federal tribunals, and for the present I am not disposed to undertake what might be thought to bear an ungracious aspect.   This trust was created by a citizen of the state of Delaware, in a will that was probated there, and concerned real property there situated.   The trustee was bound to account to the Delaware Court of Chancery, and was subject to its orders, and required to obey its construction of the language by which the trust was created.   If the trust is still in existence—and the order appointing the complainant necessarily implies that the Chancellor so believed at that time—the substituted trustee also must account to the same court, and must obey its orders and decrees.   To that court, therefore, in my opinion, should primarily be presented the application to construe the will of the testator, and to decide whether the complainant's appointment was inadvertently made.

Until this has been done, I shall hold the present motion under advisement, and the clerk is directed to make the proper entry to that effect upon the docket.